**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **SHANNON REDMOND,** | ) |
| | ) |
| Plaintiff, | ) Civil Action No. |
| | ) |
| v. | ) |
| | ) |
| **TRANS UNION, LLC** | ) |
| and | ) |
| **EXPERIAN INFORMATION** | ) |
| **SOLUTIONS, INC.** | ) |
| and | ) |
| **EQUIFAX INFORMATION** | ) |
| **SERVICES, LLC** | ) |
| and | ) |
| **BARCLAYS BANK DELAWARE,** | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

### PRELIMINARY STATEMENT

1. This is an action for damages brought by individual consumer, Shannon Redmond, against Experian Information Solutions, Inc., Trans Union, LLC, Equifax Information Services, LLC, and Barclays Bank Delaware (collectively "Defendants"), for violations of the Fair Credit Reporting Act (hereinafter the "FCRA"), 15 U.S.C. §§ 1681, *et seq.*, as amended, and various other common law rights.

### THE PARTIES

2. Plaintiff Shannon Redmond is an adult individual residing at 2703 Holloway Road, Redmond, Tennessee 37090.

3. Defendant, Trans Union, LLC (hereafter "Trans Union") is a business entity that regularly conducts business in Philadelphia County, Pennsylvania, and which has a principal place of business located at 1510 Chester Pike, Crum Lynne, PA 19022.

4. Defendant, Experian Information Solutions, Inc. (hereafter "Experian") is a business entity that regularly conducts business in Philadelphia County, Pennsylvania, and which has a principal place of business located at 5 Century Drive, Parsippany, New Jersey 07054.

5. Defendant, Equifax Information Services, LLC (hereafter "Equifax") is a business entity which regularly conducts business in Philadelphia County, Pennsylvania, and which has a principal place of business located at 6 Clementon Road, East, Suite A2, Gibbsboro, New Jersey 08026.

6. Defendant, Barclays Bank Delaware (hereafter "Barclays"), is a business entity which regularly conducts business in Philadelphia County, Pennsylvania and which has a principal place of business located at 125 South West Street, Wilmington, Delaware 19801.

## JURISDICTION & VENUE

7. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

8. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

9. Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information").

10. The inaccurate information includes, but is not limited to, an account with Barlcays.

11. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness. The inaccurate information consists of accounts and/or tradelines that do not belong to the Plaintiff.

12. Defendants have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown.

13. Plaintiff has disputed the inaccurate information with Defendants by both oral and written communications to their representatives and by following Experian's, Trans Union's, and Equifax's established procedure for disputing consumer credit information.

14. Plaintiff has disputed the inaccurate information with Defendants Experian, Trans Union, and Equifax, including but not limited to, from December 2009 through the present.

15. Notwithstanding Plaintiff's efforts, Experian, Trans Union, and Equifax have sent Plaintiff correspondence indicating their intent to continue publishing the inaccurate information and Experian, Trans Union, and Equifax continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors. Experian, Trans Union, and Equifax have repeatedly published and disseminated consumer reports to such third parties from at least December 2009 through the present.

16. Despite Plaintiff's efforts, Experian, Trans Union, and Equifax have never: (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted any third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; (4) requested or obtained

any credit applications, or other relevant documents from the entities furnishing the inaccurate information; and (5) performed any handwriting analysis.

17. Notwithstanding Plaintiff's disputes, Barclays has also failed to conduct timely and reasonable investigations of Plaintiff's disputes after being contacted by the relevant credit reporting agencies concerning Plaintiff's disputes, has willfully continued to report such inaccurate information to various credit reporting agencies, and has failed to mark the above accounts as disputed.

18. Despite Plaintiff's exhaustive efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to report on the results of its reinvestigations to all credit reporting agencies, have failed to note the disputed status of the inaccurate information and have continued to report the derogatory inaccurate information about the Plaintiff.

19. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of (a) lost credit opportunities, (b) harm to credit reputation and credit score, and (c) emotional distress.

20. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

21. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## COUNT I –EXPERIAN, TRANS UNION, AND EQUIFAX
## VIOLATIONS OF THE FCRA

22. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

23. At all times pertinent hereto, Experian, Trans Union, and Equifax were "persons" and "consumer reporting agencies" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

24. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

25. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

26. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendants Experian, Trans Union, and Equifax are liable to the Plaintiff for engaging in the following conduct:

    (a) willfully and negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from the Plaintiff, in violation of 15 U.S.C. §1681i(a);

    (b) willfully and negligently failing to provide prompt notice of the inaccurate information and Plaintiff's dispute to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

    (c) willfully and negligently failing to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

(d) willfully and negligently failing to review and consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

(e) willfully and negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a);

(f) willfully and negligently failing to note Plaintiff's dispute of the inaccurate information and in subsequent consumer reports, in violation of 15 U.S.C. §1681i(c);

(g) willfully and negligently failing to timely and properly investigate the inaccurate information after receiving notice of the dispute from the Plaintiff;

(h) willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b);

(i) willfully and negligently failing to properly and timely delete the inaccurate information from Plaintiff's credit files despite being unable to verify the accuracy of the information and/or being provided with proof of its inaccuracy; and

(j) willfully and negligently continuing to report the inaccurate information despite having knowledge of its inaccuracy and/or inability to be verified.

27. The conduct of Defendants Experian, Trans Union, and Equifax were a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual

damages and harm to Plaintiff that are outlined more fully above and, as a result, Experian, Trans Union, and Equifax are liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT II – BARCLAYS – VIOLATIONS OF THE FCRA

28. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

29. At all times pertinent hereto Barclays was a "person" as that term defined by 15 U.S.C. § 1681a(b).

30. Barclays violated sections 1681n and 1681o of the FCRA by engaging in the following conduct:

    (a) willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

    (b) willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;

    (c) willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

    (d) willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

  (e)  willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities; and

  (f)  willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

31. Barclys' conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result Barclays is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief, permitted by law.

### COUNT III –ALL DEFENDANTS- DEFAMATION

32. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

33. Defendants have published statements both orally and through writing to various creditors, prospective credit grantors, other credit reporting agencies, and other entities that the above-referenced derogatory inaccurate information belong to the Plaintiff.

34. Defendants have published these statements each time a credit report on Plaintiff has been requested from any creditor, prospective credit grantors furnisher or other source.

35. The statements made by Defendants are false in that they inaccurately reflect Plaintiff's credit information and debt repayment history, and paint Plaintiff as financially irresponsible and delinquent.

36. Defendants have published these statements to at least every single creditor, furnisher or prospective creditor or other entity that has requested Plaintiff's credit report.

37. Defendants knew that the statements were false when made, and had no factual basis for making the statements, as Plaintiff has notified them repeatedly through writing, telephone communication and extensive documentation that the above inaccurate information was inaccurate for the reasons stated above.

38. Nonetheless Defendants continue to publish the false and negative statements concerning the Plaintiff's credit history up through the present time.

39. The written statements and publications constitute libel per se.

40. The oral statements and publications constitute slander per se.

41. In addition, and despite the repeated notices from Plaintiff, Defendants have acted with malice by failing to communicate the information provided to them by Plaintiff to all creditors, prospective creditors, furnishers of information and all other entities to whom it provides credit information concerning the Plaintiff.

42. Defendants' conduct was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendants are liable to compensate the Plaintiff for the full amount of actual damages, compensatory damages and punitive damages, as well as such other relief, permitted under the law.

### COUNT IV – ALL DEFENDANTS – NEGLIGENCE

64. Plaintiff incorporates the foregoing paragraphs as if the same were set forth at length herein.

65. Defendants' negligence consists of the following:

   (a) Failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from Plaintiff;

(b) Failing to provide prompt notice of the inaccurate information and Plaintiff's dispute to creditors;

(c) Failing to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to creditors;

(d) Failing to review and consider all relevant information submitted by the Plaintiff concerning the dispute of the inaccurate information;

(e) Failing to delete or correct the inaccurate information from Plaintiff's credit file after reinvestigation;

(f) Failing to note Plaintiff's dispute of the inaccurate information and in subsequent consumer reports;

(g) Failing to timely and properly investigate the inaccurate information after receiving notice of the dispute from Plaintiff;

(h) Failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file;

(i) Failing to properly and timely delete the inaccurate information from Plaintiff's credit files despite being unable to verify the accuracy of the information and/or being provided with proof of its inaccuracy;

(j) Continuing to report the inaccurate information despite having knowledge of the inaccuracies and/or the inability to be verified.

(k) Failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

(l) Failing to report the results of investigations to the relevant consumer reporting agencies;

(m)   Failing to report the inaccurate status of the inaccurate information to all credit reporting agencies, including those agencies to whom Barclays originally furnished information; and

(n)   Failing to delete or correct the inaccurate information;

66.   As a result of Defendants' above mentioned conduct, Plaintiff sustained and continues to sustain the losses and damages as set forth above.

67.   The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result Defendants are liable to compensate the Plaintiff for the full amount of actual and compensatory damages, as well as such other relief, permitted under the law.

## COUNT V – ALL DEFENDANTS- INVASION OF PRIVACY/FALSE LIGHT

68.   Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

69.   Defendants above actions violated Plaintiff's right of privacy by impermissibly accessing Plaintiff's most private information and placing the Plaintiff in a false light before the eyes of others, including potential credit grantors and creditors as well as family, friends and the general public.

70.   By such unauthorized invasion, publication and circulation of Plaintiff's name and the inaccurate information Defendants invaded Plaintiff's right to privacy, subjected Plaintiff to ridicule and contempt, injured Plaintiff's personal esteem, reflected disgracefully on Plaintiff's character, diminished Plaintiff's high standing, reputation and good name among family, friends, neighbors and business associates, destroyed Plaintiff's peace of mind, and caused Plaintiff severe mental and emotional distress.

71.     The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendants are liable to compensate the Plaintiff for the full amount of actual, compensatory and punitive damages, as well as such other relief, permitted under the law.

## JURY TRIAL DEMAND

72.     Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a)     Actual damages;

(b)     Statutory damages;

(c)     Punitive damages;

(d)     Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n, and 1681o;

(e)     An order directing that Experian, Trans Union, and Equifax immediately delete all of the inaccurate information from Plaintiff's credit reports and files, and that Barclays cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information;

(f)     An order directing that Experian, Trans Union, and Equifax send to all persons and entities to whom they have reported Plaintiff's inaccurate information within the last three years Plaintiff's updated and corrected credit report information; and

(g) Such other and further relief as may be necessary, just and proper.

        Respectfully Submitted,

        **FRANCIS & MAILMAN, P.C.**

BY:   */s/ Mark Mailman*
        MARK MAILMAN, ESQUIRE
        GREGORY GORSKI, ESQUIRE
        Land Title Building, 19th Floor
        100 South Broad Street
        Philadelphia, PA 19110
        (215) 735-8600

Dated: November 19, 2010         Attorneys for Plaintiff